```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

GABRIEL     ANTONIO     PEREZ
ROMERO,

         Petitioner,

v.                                      Case No. 2:26-cv-12-JES-NPM

KELIE  WALKER,  KRISTI  NOEM,
PAMELA   BONDI,   TODD  LYONS,
and WARDEN OF FLORIDA SOFT
SIDE SOUTH FACILITY,

         Respondents.
_____/
```

## OPINION AND ORDER

Petitioner Gabriel Antonio Perez Romero has filed a habeas corpus petition challenging the legality of his detention by immigration authorities. (Doc. 1). However, he fears that the government will execute his final removal order before this Court can decide whether his detention is lawful. To prevent that, he has filed an emergency motion seeking expedited consideration of his petition and an administrative stay of his removal from the United States. (Doc. 3).

A federal district court has limited jurisdiction, and through the Immigration and Nationality Act (INA), Congress has explicitly stripped district courts of power to stop the executive branch from executing a removal order. Because the Court lacks jurisdiction to do what the Romero asks (prevent the government

from deporting him), his emergency motion must be denied.

## I. Background

Romero is a native of Cuba who arrived in the United States during the Mariel boatlift in 1980. (Doc. 1 at 1). Upon arrival, he was paroled into the United States as a refugee. (Id.) At some point, he was ordered removed. (Id. at 2). Following his removal proceedings, Romero was released under an order of supervision. (Id.) He has maintained "clean records" since being placed under supervision. (Id.) Nevertheless, when he appeared for his regularly scheduled meeting in compliance with the order of supervision on November 28, 2025, he was taken into custody without explanation and is being detained at Florida Soft Side South facility in Ochopee, Florida (Alligator Alcatraz). (Id.)

Romero is seeking habeas relief, arguing that his detention is unlawful under the Due Process Clause. (Doc. 1 at 7). But litigation takes time, and Romero believes that the government may be preparing to deport him, which could moot his habeas petition. Thus, he asks this Court to intervene and stay his removal to "preserve" the proceedings here.

## II. Discussion

The relevant statute, 8 U.S.C. § 1252(g), imposes a strict limit on judicial power:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear

> any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Id. The Supreme Court has explained that § 1252(g) applies narrowly to three specific actions: commencing proceedings, adjudicating cases, and executing removal orders. See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999).

Romero essentially asks the Court to order the government not to remove him, albeit temporarily. His motion implicates § 1252(g) because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order." 8 U.S.C. § 1252(g). The Eleventh Circuit has explicitly determined that § 1252(g) divests district courts of subject matter jurisdiction to review challenges to the execution of removal orders, including stays of any such orders. See Camarena v. Dir., Immigr. & Customs Enf't, 988 F.3d 1268, 1271–74 (11th Cir. 2021) (holding that § 1252(g) precluded relief on a habeas petition that sought to "stay [petitioner's] removal" pending resolution of her applications for administrative relief).

Romero cannot overcome section 1252(g)'s bar by invoking the All Writs Act, 28 U.S.C. § 1651. He maintains that federal courts have the inherent power to issue writs "in aid of their respective jurisdictions." (Doc. 3 at 7). Romero essentially argues that if he is deported, his habeas case regarding detention becomes

3

moot; therefore, to save the habeas case, the Court must stop the deportation. (Id. at 7-11).

However, the All Writs Act only authorizes courts to issue writs to protect jurisdiction they already possess; it does not grant jurisdiction that Congress has expressly taken away. See Rohe v. Wells Fargo Bank, N.A., 988 F.3d 1256, 1264 (11th Cir. 2021). Consequently, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Penn Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985).

Here, § 1252(g) specifically addresses—and specifically bars—judicial review of the execution of removal orders. Thus, this Court cannot use the All Writs Act to seize power that the INA expressly denies. See, e.g., Danglar v. McAleenan, No. 418CV01789RDPJEO, 2019 WL 7167589, at *1 (N.D. Ala. Nov. 21, 2019) ("[T]his court does not have jurisdiction to entertain any application seeking review, reopening, reconsideration, or a stay of the order of removal."); Oldaker v. Giles, 724 F. Supp. 3d 1315, 1340 (M.D. Ga. 2024) (recognizing that, while "the Court has the authority to issue stays to protect its own jurisdiction," § 1252(g) expressly precludes granting "relief from any final valid removal orders").

### III. Conclusion

Romero may proceed with his habeas challenge here, and the

Court will consider his claims as quickly as it is able. But if he wishes to pause execution of his removal order, he must look elsewhere. See Lee v. U.S. Dep't of Just., No. 1:24-CV-984-ELR-JSA, 2024 WL 6081682, at *1–2 (N.D. Ga. Apr. 9, 2024) ("[T]he courts of appeals are the sole and exclusive means for judicial review of a removal order[.]"). For these reasons, Romero's Emergency Motion for Stay of Removal (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 16, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE